**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-73-S**

**KAREN JONES** *et al.*                                                    **PLAINTIFFS**

**v.**

**CHILD PROTECTIVE SERVICES** *et al.*                          **DEFENDANT**S

## MEMORANDUM OPINION

Plaintiff, Karen Jones, filed this *pro se* action on behalf of herself and her four minor

children, J.C.J., J.C.S., A.Y., and J.A.S.  The named defendants are Child Protective Services,

CPS Hotline, the State of Kentucky, Carolyn Jones Hopkins, and the Louisville Metro Police

Department.  For the reasons set forth below, the Court will dismiss this action.

### I.  SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit.  Under the

section of the form directing Plaintiff to state the grounds for filing her case in federal court

(including any federal and/or U.S. Constitutional provisions), Plaintiff states:  "Privacy,

obstruction of justice, slander, deformation [sic] of character, violation of my family's IV, V,

VIII, XIV section 1 Constitutional rights, psychological warfare practices, libel and fraud,

kidnapping and misrepresentations."  Plaintiff explains the basis of her suit as follows:

> For two years the defendants above have knowing and willingly participated in every
> acquisition [sic] listed in #1 of this complaint.  My children were removed from a
> stable home and placed into a chaotic administrative disaster.  I have not had or been
> appointed competent legal or social representation.  False reports is how this whole
> situation occurred and false reports are allowing these practices to keep taking place.
> Cabinet workers and court appointed workers have continuously lied under oath about
> my case and I have the videotapes of my court recordings to prove it.  I served six
> years in the military.  I have a clear understanding and knowledge about mind control.
> My case have been founded and brought into this very existence due to that kind of
> behavior brought about by the defendants listed above.

In her prayer for relief, Plaintiff seeks money damages, punitive damages, pain and suffering, and asks the Court to "apply [the] Supremacy Clause" to her complaint.

## II.  ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

2

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a

claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**A.**     **Minor Children**

"Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties

may plead and conduct their own cases personally or by counsel,' that statute does not permit

plaintiffs to appear *pro se* where interests other than their own are at stake."  *Shepherd v.*

*Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)[1]; *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.

1998) ("In federal court a party can represent himself or be represented by an attorney, but

---

[1]Recently, in *Winkleman ex rel. Winkleman v. Parma City Sch. Dist.*, ___ U.S. ___, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007), the U.S. Supreme Court found that parents have "independent, enforceable  rights under IDEA [Individuals with Disabilities Education Act]." *Id.* at 2002 ("The parents enjoy enforceable rights at the administrative stage, and it would be inconsistent with the statutory scheme to bar them from continuing to assert these rights in federal court.").  Jones has not alleged any facts, even liberally construed, which would state a claim under the IDEA, and Jones has failed to demonstrate that any of the claims asserted on behalf of her minor children are not personal to them.  As the Supreme Court in *Winkleman* specifically declined to "reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*," *id.* at 2007, controlling case law continues to prohibit Jones' *pro se* representation of her minor children's claims.

3

cannot be represented by a nonlawyer."); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted).  Consequently, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  *Shepherd v. Wellman*, 313 F.3d at 970 (citing *Cheung v. Youth Orchestra Found of Buffalo, Inc.*, 906 F. 2d 59, 61 (2d Cir. 1990));[2] *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a § 1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").

For these reasons, Karen Jones, an unrepresented parent, cannot bring this action on behalf of her minor children without legal representation.  Therefore, the claims asserted on behalf of the minor children will be dismissed without prejudice.  Should Plaintiff Jones wish to pursue any claims one behalf of her minor children, she must obtain counsel.[3]

---

[2]In *Cheung*, a federal civil rights case, the Second Circuit observed,

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

*Id.* at 61.

[3]Plaintiff Jones did not request appointment of counsel in this civil action, and the Court is under no obligation to make such a request *sua sponte*.  28 U.S.C. § 1915(e) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).

**B.**     **State of Kentucky, CPS, and CPS Hotline**

Although not so specified by Jones, because Jones alleges a violation of her constitutional rights against the Commonwealth of Kentucky and two of its agencies, the Court construes this action as being brought under 42 U.S.C. § 1983.  *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, the Commonwealth of Kentucky, CPS, and the CPS Hotline are not "persons" acting under color of state law for § 1983 purposes.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Jones, therefore, fails to state a claim for relief against these Defendants.  Additionally, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  In enacting § 1983, Congress did not intend to override the traditional sovereign

5

immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991). Therefore, the claims against the Commonwealth of Kentucky, CPS, and the CPS Hotline are also barred by the Eleventh Amendment. *See Robinson v. Child Protective Servs.*, No. 3:07CV-39-R, 2007 U.S. Dist. LEXIS 47851, 2007 WL 1959170, at *2 (W.D. Ky. June 29, 2007).

## C.     Louisville Metro Police Department

The Louisville Metro Police Department is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amendable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). As such, the Court will dismiss Jones' claims against the Louisville Metro Police Department.

## D.     Carolyn Jones Hopkins

The crux of the complaint concerns the removal of Plaintiff's children from a "stable home." Jones, however, has failed to provide any details explaining how Defendant Hopkins has violated her rights or otherwise caused her any harm. Her accusations are broad, vague, and conclusory. While the Court is aware of its duty to construe *pro se* complaints liberally, Jones is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Jones must show how each Defendant is accountable because the defendant was personally involved in the acts about which Jones complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Jones has not alleged any facts involving Defendant Hopkins, the complaint fails to state any claims for relief against her.

6

**E.**     **State-Law Claims**

To the extent that Jones is seeking to pursue any state-law claims against any of the Defendants, the Court declines to exercise supplemental jurisdiction over those claims.  Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows:  "The district courts may decline to exercise supplemental jurisdiction over a claim . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state-law claims that Jones may be attempting to bring.  § 1367(c)(3).  Consequently, the state-law claims will be dismissed without prejudice.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4411.008